UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG KOENIG,<br><br>    Respondent. | Case No. 1:20-cv-00139-JDP<br><br>ORDER DIRECTING CLERK TO FILE PETITION AS A MOTION TO AMEND IN RELATED CASE<br><br>ECF No. 1<br><br>ORDER DENYING MOTIONS FOR COUNSEL AND TO STAY<br><br>ECF Nos. 5, 6<br><br>ORDER DIRECTING CLERK TO ADMINISTRATIVELY CLOSE CASE |

Petitioner Anthony Andre Sharp, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, we must examine the habeas corpus petition and order a response to it unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). At this early stage, Rule 4 gives "courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

1

## I. Background

Prior to filing the instant petition, petitioner sought a writ of habeas corpus from this court in a separate petition. *See Sharp v. Koenig*, No. 1:19-cv-01241-JDP, ECF No. 1 (E.D. Cal. Sept. 6, 2019). That initial petition, which challenged his 2016 conviction for possession of child pornography, remains pending. *See id*. Petitioner then filed the instant petition on January 23, 2020, challenging the same conviction. ECF No. 1.

## II. Discussion

### A. Construing second petition as motion to amend

Subject to narrow exceptions, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed." *See Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016); 28 U.S.C. § 2244(b)(2). However, when a pro se petitioner "files a new [habeas] petition while his first [habeas] petition remains pending, courts have uniformly held that the new petition cannot be deemed second or successive." *Goodrum*, 824 F.3d at 1194. In this situation, the court should "construe [the] new petition as a motion to amend" and "rule on the motion, in accordance with the standards for permitting amendment established by Federal Rule of Civil Procedure 15." *Id*. at 1195; *see Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008) (district court was required to construe the new petition as a motion to amend the first petition because the first petition remained pending and petitioner was proceeding pro se). Therefore, we order the clerk's office to file the instant petition, ECF No. 1, as a motion to amend in the related case, *Sharp*, No. 1:19-cv-01241-JDP.

### B. Motion for counsel

Petitioner moves this court for the appointment of counsel. ECF No. 5. A petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be

required if an evidentiary hearing is warranted. *See* Rules Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations is present here.

We are further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if we determine that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, we evaluate the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated, petitioner is able to articulate his claims, and petitioner has not yet demonstrated a great likelihood of success on the merits at this early stage in the case. Accordingly, we find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time.

**C.      Motion for stay of restitution and legal costs**

Petitioner moves this court to stay his state restitution payments and federal legal costs during the pendency of his case. ECF No. 6. To the extent petitioner moves this court to stay a restitution order from his state trial court, we lack the jurisdiction to grant such relief and therefore deny his request. Regarding his requested stay of federal costs, petitioner states no legal authority, and we cannot find any, that would allow us to take the requested action.

To the extent petitioner seeks relief from legal costs associated with this case, he has been granted leave to proceed *in forma pauperis* and is not required to pay filing fees associated with his case. ECF No. 10. Generally, there are few or no additional costs associated with a pro se habeas case. This court will not grant a stay of any future costs petitioner chooses to incur.

**D.    Case is ordered administratively closed**

   The petition in the instant case will be refiled in petitioner's related case and all other pending motions are denied. Therefore, we will order the clerk of the court to administratively close this case.

**III.   Order**

   1. The clerk's office is directed to refile the petition, ECF No. 1, as a motion to amend the petition in *Sharp*, No. 1:19-cv-01241-JDP.
   2. Petitioner's motion for counsel is denied. ECF No. 5.
   3. Petitioner's motion to stay restitution and legal costs is denied. ECF No. 6.
   4. The clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated:    February 13, 2020    _____
                                UNITED STATES MAGISTRATE JUDGE

No. 206.