UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>        Petitioner,<br><br>    v.<br><br>CRAIG KOENIG,<br><br>        Respondent. | Case No. 1:20-cv-00139-JDP<br><br>Related Case: *Sharp v. Koenig*, No. 1:19-cv-01241-JDP, ECF No. 1 (E.D. Cal. Sept. 6, 2019)<br><br>ORDER VACATING IN PART FEBRUARY 14, 2020 ORDER<br><br>ECF. No. 12<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTIONS FOR TEMPORARY RESTRAINING ORDER<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 6, 14<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

    Petitioner Anthony Andre Sharp, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On January 23, 2020, petitioner moved for a stay of his state-ordered restitution payments during the pendency of his federal habeas case. ECF No. 6. On February 14, 2020, we denied his motion to stay restitution payments. ECF No. 12. Additionally, we directed the clerk of court to file the petition in the instant case as a motion to amend in petitioner's related case, *Sharp v. Koenig*, No. 1:19-cv-01241-JDP, ECF No. 1 (E.D.

1

Cal. Sept. 6, 2019), and to administratively close the instant case. *Id*. On February 18, 2020, petitioner moved for a temporary restraining order against his prison, again seeking a stay of his state-ordered restitution payments during the pendency of this case. ECF No. 14.

We vacate our February 14, 2020 order in part. ECF No. 14. Petitioner sought a stay of his restitution payments, a form of injunctive relief. ECF No. 6. We vacate the section of our previous order addressing petitioner's motion for stay of restitution. *See* ECF No. 12 at 3, section C.

We now consider petitioner's nearly identical motions for injunctive relief together here. ECF Nos. 6, 14. Under 28 U.S.C. § 2251(a), "[f]ederal judges may stay any state court proceeding for any matter involved in a habeas corpus proceeding." *Dunham v. Riverside Cty. Sheriff*, No. 18CV0863 GPC (JMA), 2018 U.S. Dist. LEXIS 90269, at *3 (May 30, 2018). "Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances." *See id*. at *3-4; *Younger v. Harris*, 401 U.S. 37, 43-46 (1971) (holding that extraordinary circumstances exist when there is danger of great and immediate irreparable loss). An irreparable injury must be beyond "that incidental to every criminal proceeding." *Younger*, 401 U.S. at 46-47; *see Dunham*, 2018 U.S. Dist. LEXIS 90269, at *5 (denying a motion for a stay of state restitution costs during pendency of federal habeas petition because petitioner failed to state any special circumstances warranting a stay, the harm was not irreparable, and the harm was common to most habeas cases).

Here, petitioner has not stated any special circumstances warranting a stay of his restitution costs. Orders of restitution are not uncommon among habeas petitioners; they are not extraordinary circumstances. Therefore, we decline to find that petitioner is in danger of great and immediate irreparable loss and we recommend that his motions to stay be denied.[1]

---

[1] In the event petitioner seeks a stay of his restitution payments during the pendency of his related case, *Sharp v. Koenig*, No. 1:19-cv-01241-JDP, ECF No. 1 (E.D. Cal. Sept. 6, 2019), we will also recommend that the court deny him relief.

2

**Order**

Our February 14, 2020 order is vacated in part. *See* ECF No. 12 at 3, section C. All other sections of the order remain in effect. We direct the clerk of court to assign this case to a district judge who will review our findings and recommendations.

**Findings and Recommendations**

We recommend that the court deny petitioner's motions to stay and decline to issue a certificate of appealability. ECF Nos. 6, 14. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 24, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.